S. D. MILLER ET AL. *v.* THE NATIONAL BANK OF LANCASTER ET AL.

[Kentucky Law Reporter, Vol. 4—25.]

**Injunction at Suit of One Not Interested.**

One in possession of real estate which has been sold at the instance of his creditor and bought by the creditor, the sale approved and deed confirmed by the court, and who is a defendant on a writ of possession, has no interest in such land and is not entitled to an injunction against the purchaser and his grantee on the alleged

ground that the sale and conveyance of the land by such purchaser was void because the grantee, being a national bank, was not authorized to buy real estate, etc.   One not having an interest can not raise a question of the validity of such transfer.

### APPEAL FROM LINCOLN CIRCUIT COURT.

### June 15, 1882.

Opinion by Judge Pryor:

John W. Miller was indebted to The National Bank of Lancaster in the sum of $12,300.   Miller became insolvent and made an assignment for the benefit of creditors, and in January, 1879, his creditors, the bank among them, released him from all liability upon the payment of a certain sum, much less than the real indebtedness.

S. W. Miller, the father of John Miller, became embarrassed about the same time and conveyed his estate, in trust, to M. J. Durham for the benefit of creditors.   S. W. Miller was indebted to The National Bank of Danville in a large sum of money, and his son, John, was on his paper for the sum of about $3,500 to that bank.   The Danville bank had not released John from his liability on that paper.   The sale of the land of S. W. Miller was made under the decree in an action by the trustee for the settlement of the trust, and The National Bank of Danville became the purchaser. The sale was reported and confirmed and a deed made to the bank, approved by the court and recorded.   After this The National Bank of Lancaster, after the release of its claim of John Miller, believing that the bank could be made whole by the arrangement, purchased of The National Bank of Danville its claim on John and S. W. Miller, or rather obtained a conveyance from the bank of the greater part of the land it bought belonging to S. W. Miller, for the consideration paid of $13,945.

The Millers were in possession of the land under some arrangement with the trustee, Durham, or the bank, and when their time expired a writ of possession was issued in favor of M. J. Durham, trustee, at the instance of the banks, for the possession, the writ issuing in the action instituted by Durham for the settlement of Miller's estate.   An injunction was obtained by the Millers, preventing the execution of the writ, because the sale and conveyance by the bank at Danville to the bank at Lancaster was void,

by reason of the provisions of the National Banking Act, prohibiting national banks from dealing in real estate, except to secure debts previously contracted or as may be pursuant to secure debts, etc. U. S. Rev. Stat. (1878), § 5137.

Without discussing the effect of the purchase made by the bank at Lancaster, it may be proper to inquire what interest the appellants have in the subject-matter of this controversy. The Danville National Bank had the right to purchase the land in satisfaction of its debts. That sale has been confirmed and a deed made, divesting the appellant, S. W. Miller, of all title. If so, the conveyance by the Danville Bank to the Lancaster Bank can in no manner affect the appellants, and we perceive no reason why the bank at Danville can not place any person in possession, natural or artificial, it may see proper, and if the bank at Lancaster had no right to the writ the stronger the reason for permitting the writ to issue in the name of Durham, the trustee. Both banks are willing that he shall have the possession, and how the rights of Miller or the appellants are affected by it we can not see. If the title to the one bank by the other is void, and we do not so decide, it belongs to the National Bank at Danville and that bank indorses the writ, or consents to its issual. The real owner is making no complaint, nor even before the court in this case, but on the contrary, the record shows, is willing that Durham, in his own right or as the agent of the Lancaster bank, shall take possession. The injunction was properly dissolved, and the question as to the validity of the sale need not be determined.

Judgment *affirmed.*

*W. O. Bradley, W. P. D. Bush, for appellants.*

*Anderson & Herndon, Durham & Jacobs, for appellees.*

